UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENF, LLC,

     Plaintiff,

                                   Case No. 25-12093

v.

                                   Hon. F. Kay Behm

ZHANJIANG YONGXIAO
INFORMATION CONSULTING
STUDIO,

     Defendant.

_____/

## OPINON AND ORDER DENYING MOTION
## FOR *EX PARTE* TEMPORARY RESTRAINING ORDER

Plaintiff FenF, LLC, filed this action for trademark infringement and an *ex parte* motion for temporary restraining order on July 10, 2025. Because the court finds that Plaintiff has not met the standard for granting *ex parte* relief, the motion is denied.

## I.    Factual Background

Plaintiff sells foot-therapy products, including a toe-stretching device called "YogaToes GEMS," that have been featured on television shows and in popular magazines. ECF No. 1 at ¶¶ 6-10. YogaToes GEMS devices are a sapphire-blue color and feature elastic posts with a "gem" design

intended to be placed between the user's toes. Plaintiff has registered

trademarks covering its trade dress and the sapphire-blue color of the

GEMS product. *Id.* at ¶¶ 16-18.

Plaintiff alleges that Defendant, a Chinese entity, sells a confusingly

similar toe-stretching device online that infringes on Plaintiff's trademarks.

*Id.* at ¶¶ 19-24. Plaintiff's complaint sets forth claims of trademark

infringement, including counterfeiting. In its motion for temporary restraining

order, Plaintiff requests that the court enjoin Defendant from selling the

allegedly infringing products and from transferring assets.

## II.   Analysis

Prior to considering the merits of Plaintiff's request, the court must be

satisfied that *ex parte* relief is appropriate. "The only type of injunctive relief

that a district court may issue *ex parte* is a temporary restraining order."

*First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993);

Fed. R. Civ. P. 65(b). According to Federal Rule of Civil Procedure 65(b),

the "court may issue a temporary restraining order without written or oral

notice to the adverse party or its attorney *only if:*

> (A) specific facts in an affidavit or a verified complaint
> clearly show that immediate and irreparable injury, loss,
> or damage will result to the movant before the adverse
> party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts
made to give notice and the reasons why it should not
be required.

*Id.* (emphasis added). These "stringent restrictions . . . on the availability of
*ex parte* temporary restraining orders reflect the fact that our entire
jurisprudence runs counter to the notion of court action taken before
reasonable notice and an opportunity to be heard has been granted both
sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of
Teamsters*, 415 U.S. 423, 439 (1974). An *ex parte* temporary restraining
order is "only appropriate where the applicant would face irreparable harm
so immediate that it would be improper to wait until after a preliminary
injunction hearing to enjoin the non-movant's conduct." *Erad v. Johnson*,
905 F. Supp.2d 782, 791 (E.D. Mich. 2012).

The Sixth Circuit has explained that "[t]he normal circumstance for
which the district court would be justified in proceeding *ex parte* is where
notice to the adverse party is impossible, as in the cases where the
adverse party is unknown or is unable to be found." *Depinet*, 11 F.3d at
650. It also described "another limited circumstance for which the district
court may proceed *ex parte*: where notice to the defendant would render
fruitless further prosecution of the action." *Id.*

Plaintiff has not satisfied the requirements of Rule 65(b)(1), which requires a party to clearly show irreparable and immediate injury and certify why notice should not be required. It does not claim that Defendant is "unable to be found" or that notice would render the action "fruitless." In support of its request, FenF argues that notice should not be required because it will take approximately six months to properly serve Defendant under the Hague Convention. However, it does not cite authority for the proposition that a delay in effecting proper service justifies the extraordinary remedy of *ex parte* relief.

Therefore, it is **ORDERED** that Plaintiff's motion for temporary restraining order (ECF No. 3) is **DENIED WITHOUT PREJUDICE.**


Dated: July 16, 2025                              s/F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge

4