THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FENF, LLC,

Plaintiff,

v.

ZHANJIANG YONGXIAO INFORMATION CONSULTING STUDIO,

Defendant.
_________________________________/

Case No. 25-12093

F. Kay Behm
U.S. District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT WITHOUT PREJUDICE (ECF No. 15)**

FenF, LLC ("FenF") owns U.S. Trademark Registration No. 5,098,981, (ECF No. 1, ¶16]) ("the '981 Registration") for a gemstone handle design on upstanding posts of a toe stretcher. FenF also owns U.S. Trademark Registration No. 5,099,070, (ECF No. 1, ¶18]) ("the '070 Registration") for the sapphire blue color in connection with toe stretchers. FenF filed this trademark infringement action in response to an alleged infringer, Zhanjiang Yongxiao Information Consulting Studio, a Chinese entity that was advertising, offering for sale, and selling infringing toe stretchers which include a copy of FenF's gemstone handle design and are sapphire blue in

color. Defendant's products were listed for sale on ecommerce platforms, such as Amazon. Defendant has not answered the complaint or otherwise appeared in this action. Plaintiff has filed a motion asking for the court to direct the Clerk of the Court to enter a default and for default judgment. (ECF No. 15).

As set forth in the supporting declaration of Richard W. Hoffmann, he initially forwarded a copy of the Summons, Complaint, and Motion for TRO to Defendant's address via courier, at the address contained in Defendant's Amazon listing for the accused toe stretchers. (ECF No. 16, ¶ 4). Because Defendant did not respond, Hoffman engaged ABC Legal Services to effectuate service under the Hague Convention. *Id*. at ¶ 5. Hoffman was informed that on October 15, 2025, the Summons, Complaint, and Motion for TRO were submitted to the Central Authority in China by ABC Legal. *Id*. at ¶ 6. Apparently, the Central Authority in China did not serve process on Defendant and no certification or delivery has been received by ABC Legal or Hoffman. *Id*. at ¶ 7.

It appears that Defendant is a Chinese corporation with its principal place of business in China and thus, the Hague Convention applies in determining proper service of process. *Meemic Ins. Co. v. Vertical Partners*

*W., LLC*, No. 18-CV-11603, 2019 WL 4928806, at *2 (E.D. Mich. Oct. 6, 2019) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.")). China and the United States are both signatories to the Hague Convention and adhere to the Convention rules governing international service of process. *See Cucuz v. Rosta Int'l, Ltd.*, No. 2:15-cv-10479, 2016 WL 4177230, at *2-3 (E.D. Mich. Aug. 8, 2016).

As explained in *Meemic Ins. Co. v. Peng*, No. 1:24-CV-136, 2025 WL 3776895, at *1 (W.D. Mich. Feb. 14, 2025), Article 3 of the Hague Convention requires plaintiffs to forward requests for service of process to the central authority of the defendant's home country. In China, that authority is the Ministry of Justice. *Id*. Article 5 then requires the ministry to either serve the relevant document itself or arrange to have it served under local law. *Id*. Under Article 6, the ministry must provide the applicant seeking service a certificate stating that the document has been served, or if it was not served, stating the reasons that prevented service. *Id*.

Article 15 provides that, where a writ of summons "had to be transmitted abroad for the purpose of service," and the defendant has not

appeared, a court cannot issue judgment against the defendant until it is established that:

> a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
>
> b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
>
> and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.

*Peng*, 2025 WL 3776895 at *1 (quoting Hague Convention art. 15).

Alternatively, as the *Peng* court further explained, "if no certificate of service or delivery has been received," the court may issue a judgment under the following circumstances:

> a) the document was transmitted by one of the methods provided for in this Convention,
>
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document, [and]
>
> c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

*Id*. at *1-2 (quoting Hague Convention art. 15).

FenF contends that default is warranted under the latter provision. It says that it transmitted the documents to the central authority in China via FedEx International delivery in accordance with the Convention and more

than six months have passed since the documents were sent and no service or delivery notification has been received. Defendant has failed to plead, appear, or otherwise defend. Thus, it asks the court to direct the Clerk of the Court to enter a default against Defendant.

While Plaintiff has complied with subsection (a) and subsection (b) has been satisfied, as nearly a year has passed, case law suggests that more is required to satisfy subsection (c)'s mandate that "every reasonable effort has been made to obtain [the certificate] through the competent authorities of the State addressed." Hague Convention art. 15. For example, one court found that the plaintiff satisfied the "every reasonable effort" standard in the Hague Convention to obtain a certificate of service for the defendant, where such efforts included emails, a telephone call and a letter sent via FedEx to the Ministry. *AE Ass'n, LLC v. WTI Corp., Ltd.*, No. 17-10392, 2018 WL 11372161, at *2 (E.D. Mich. Oct. 29, 2018); *see also Meemic Ins. Co. v. Vertical Partners W., LLC*, No. 18-CV-11603, 2019 WL 4928806, at *3 (E.D. Mich. Oct. 6, 2019) (after plaintiff made multiple attempts to follow up with the Chinese Ministry, court found that plaintiff made "every reasonable effort" to serve defendant); *Peng*, 2025 WL 3776895, at *2 (entry of default denied where, *inter alia*, it did not appear that plaintiff made any efforts to obtain an update from the

Ministry of Justice other than checking the online portal). Here, no evidence has been presented of any efforts to obtain any updates from the Ministry since the submission of the documents for service. Under these circumstances, the request to direct the Clerk of the Court to enter a default must be denied, without prejudice. The court will reconsider Plaintiff's request when it can demonstrate that it made "every reasonable effort" to "obtain [the certificate] through the competent authorities of the State addressed." Hague Convention art. 15.

Plaintiff's motion for default judgment must also be denied because no default has been entered by the Clerk of the Court. "In order to obtain a default judgment against a party who has received service but failed to appear or plead in a case, the plaintiff must first seek an entry of default from the Clerk of the Court under Rule 55(a)." *Corsetti v. Hackel*, 2011 WL 2135184, *1 (E.D. Mich. 2011) (citing 10A Charles A. Wright, Arthur Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")). Here, no default has yet entered against Defendant and thus, the motion for entry of default judgment is

**DENIED** without prejudice. Plaintiff may refile its motion after it obtains the proper default.

**SO ORDERED**.

Dated: October 6, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge